# EDWARD C. MILLS

*v.*

# JOSIAH F. WOOTERS.

TRESPASS—*for taking personal property—whether it will lie.* In an action of trespass for the forcible taking of a cow, it appeared the plaintiff had sold the cow, and the defendant purchased the animal from his vendee, and at the time of the taking she was in the possession of a third party, and the plaintiff told the defendant he had sold her, and that he might take her: *Held,* there was no trespass, although the defendant, in taking his property, used such violence as amounted to a breach of the peace.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. JOHN B. KAGY and Mr. B. B. SMITH, for the appellant.

Messrs. CASEY & DWIGHT, for the appellee.

Per CURIAM: Appellant brought an action of trespass, for the forcible taking of a cow.

The facts are, briefly : that the cow, at the time of the alleged taking, was in the possession of a third party; that appellant had sold her to one Oliver for $35, and had received in payment $29, and that appellee had purchased her of Oliver and paid for her, and in a conversation between the parties, appellant said, he had sold her to Oliver, and that appellee might take her.

It is contended, in argument, that the alleged trespass was an outrageous invasion of the rights of the citizen. The language of appellee, at the time he took the cow, was reprehensible. He, and those with him, may have been guilty of a riot. A breach of the peace may have been committed.

All this would not constitute trespass in the taking of the property. Consent was given for that, and then the payment was made to Oliver. The property then belonged to appellee. He was the owner, and had the right to use sufficient force to

obtain possession.    He was not, however, justified in committing an assault, or a breach of the peace.

After the agreement between the parties it would be manifestly unjust, and in violation of every principle of law and right, to permit appellant to retain the cow.    He must abide by his promise fairly made.

The judgment must be affirmed.

*Judgment affirmed.*